Requestor: Richard J. Shapiro, Esq., Town Attorney Town of Minisink P.O. Box 2121 Middletown, N Y 10940
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether the Town of Minisink may, by enactment of an ordinance, prohibit Orange County from establishing a county landfill within the town limits. You note that a 1988 town ordinance provides in part
 "no person, firm, or private or municipal corporation shall place, store, deposit, or dump . . . garbage and solid waste of any nature on any public or privately owned lot, tract of land, street, lane, alley, road, park or reserve within the corporate limits of the Town of Minisink."
In a 1981 opinion, our office concluded that, in locating a solid waste management facility, a county need only consider local land use regulations and need not obtain a permit from a town in the county as a condition to operation of the facility. 1981 Op Atty Gen (Inf) 140. There we noted:
 "Counties may acquire the necessary land for, and construct, operate and maintain, solid waste management facilities (County Law, § 226-b[1]). In selecting a location for a facility, the county legislative body is required to take into consideration the present and any proposed land use character of the area and applicable zoning regulations (ibid.). A county establishing and operating a solid waste management facility within its boundaries is deemed by law to be acting in its governmental capacity (id., § 226-b[4])."
We also stated:
 "The statutory requirement that counties, in locating solid waste management facilities, take into consideration local zoning and land use character is not explained. In our opinion, it means that counties are not bound by local zoning (City of Rochester v Town of Rush, supra) but may not, on the other hand, ignore it. The Legislature has, in effect, delegated to counties the authority to determine the location and operation of solid waste management facilities but required the county to give consideration to land-use control as evidenced by local regulations. The county would fulfill this requirement by evaluating local land-use zones and existing uses and projecting the impact of solid waste disposal facilities upon the land-use pattern. If a facility would adversely affect the land-use character in a particular area, the facility should be located elsewhere. The county's decision is discretionary but cannot be unreasonable.
 "It is notable that the Legislature has deemed the establishment of a county solid waste management facility within the county as a county governmental function (County Law § 226-b). We believe that the purpose was to exempt such facilities from local land use regulation by municipalities in the county, including local permit requirements (except that local zoning and land use character must be considered in locating a facility) (County of Westchester v Village of Mamaroneck, 22 A.D.2d 143 [2d Dept, 1964], affd 16 N.Y.2d 940 [1965]; Nehrbas v Incorporated Village of Lloyd Harbor, supra; Village of Larchmont v Town of Mamaroneck, supra). Of course, the establishment and operation of county solid waste management facilities are subject to State law and regulations.
 "If counties were to be made subject to local regulation in establishing and operating solid waste management facilities, the potential would exist for local governments to frustrate their counties' efforts. Each local government in the county could enact regulations effectively preventing the county from establishing and operating needed facilities. In establishing solid waste disposal as a county function, the Legislature has authorized the county, in relation to county solid waste management facilities, to determine the location of these facilities to serve a county-wide need, and has, in our opinion, granted to counties and not local governments therein, reasonable discretion to determine mode of operation, health, environmental and aesthetic standards consistent with State law."
The analysis followed in our 1981 opinion is consistent with subsequent case law. In Matter of County of Monroe, 72 N.Y.2d 338 (1988), the Court of Appeals held that Monroe County's expansion of a county-operated airport located partly within the City of Rochester was not subject to the city's site plan approval requirements. The Court adopted a "balancing of public interests" test for analyzing which governmental interest should prevail when there is a conflict between the zoning ordinance of one political unit and the statutory authority of another unit to perform a designated public function. Under this balancing approach, the encroaching political unit is, in the first instance, deemed subject to the regulation of the host unit unless the Legislature has expressed a contrary intent. 72 N.Y.2d at 343. Then a variety of factors aimed at assessing the public interest are weighed.
The Court concluded that in the case before it there was evidence of legislative intent to exempt the county from city regulation and that various other "public interest" factors favored exemption.72 N.Y.2d 344-45. Similarly, as explained above, the Legislature has expressed its intent that a county locating a solid waste management facility should "consider", but is not bound by, local land use regulations. Moreover, as discussed above, a contrary result would not be in the public interest because it would permit towns to frustrate counties' waste management efforts.
We conclude that the Town of Minisink may not, by enacting an ordinance, prohibit Orange County from locating a county landfill within the town limits.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.